IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case no. 09-0279-CV-W-GAF |
| | ) | |
| CITY OF KANSAS CITY, | ) | |
| MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Presently before the Court is Defendants James Corwin and Robert Vivona's (collectively "Defendants") Motion for Judgment on the Pleadings on Counts II, V, and VI of Plaintiff Angela Davis' ("Plaintiff") Complaint filed pursuant to Fed. R. Civ. P. 12(c). (Doc. #15). Defendants contend Plaintiff failed to state a claim under these Counts because she merely alleged negligence on the part of Defendants. *Id.* at p. 2. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007), which overruled the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41 (1967)).

While it is true that allegations of negligence do not establish a claim under 42 U.S.C. § 1983, *see Daniels v. Williams*, 474 U.S. 327, 328 (1986), if the alleged "behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience," then a claim is stated. *County of Sacramento v. Lewis*, 523 U.S. 833, 847, n.8 (1998). Here, Plaintiff's allegations of Defendants' conduct with regards to the death of her son may be said to be so outrageous and egregious that a plausible claim for relief has been

stated. For this reason, Defendants' Motion is DENIED.

**IT IS SO ORDERED.**

                                                  s/ Gary A. Fenner
                                                  Gary A. Fenner, Judge
                                                  United States District Court

DATED: September 1, 2009