# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| ANGELA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-0279-GAF |
| | ) | |
| ROBERT VIVONA, et al., | ) | |
| Et al., | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

Now before this Court is the parties Joint Motion for a Protective order. Upon due consideration, the motion is hereby **GRANTED**.

The parties to this lawsuit have stipulated that the disclosures and discovery in this case will involve production of confidential and personal information. The parties agree that any such confidential or personal information shall not be made public, or otherwise disseminated, except as set forth in this Protective Order.

Based on the parties' stipulation and agreements, and in order to preserve confidentiality and to facilitate discovery, this Court finds that good cause exists for the issuance of this Protective Order. Therefore, this Court **ORDERS** that:

1. For the purposes of this Order, "confidential information" means information contained in any document, writing, paper, tangible thing, discovery response, transcript of oral testimony or recorded statement of counsel, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and the content of any such document, writing, paper, thing, transcript, answer or

statement that any party reasonably believes (1) is proprietary or commercially sensitive such that it would not be shared with a competitor or third party; (2) might jeopardize the safety of a police officer or police department employee; (3) contains information about a person's medical treatment or condition; (4) is protected by a statutory requirement that it remain closed or confidential; (5) may contain information about the arrest and criminal history of parties; or (6) may contain personal identifiers such as date of birth, home residence, family status and family members, or social security numbers.  Confidential information may include or be included in, but is not limited to, testimony, documents, papers, manuals, transcripts, audio, video, answer to interrogatories and other answers to discovery requests, briefs, summaries, notes, abstracts, motions, drawings, and any instruments that comprise, embody, or summarize material that the parties consider confidential, exclusive of information in the public domain.

     2.     Whenever any party produces a document or thing containing information that the party reasonably considers confidential and that the party wishes to be subject to this Order, the party shall mark or designate each page of the document or thing that contains such information as 'CONFIDENTIAL."  Any copies made of such page or item or any abstract, summary or memorandum containing the confidential information shall be marked as "CONFIDENTIAL."

     3.     In designating information as "CONFIDENTIAL," a party shall make such a designation only as to materials which that party reasonably believes comprise or reflect information described in paragraph 1 above.

4. "CONFIDENTIAL" material shall be used by the parties to this case solely for the purpose of prosecuting or defending this case, and not for any other purpose whatsoever.

5. Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

a) counsel working on this action on behalf of any party, including in-house counsel, and all paralegals, secretaries, stenographic and clerical employees working under the direction of such counsel;

b) an individual who is a party or one designated employee of a party, with disclosure only to the extent necessary to assist that party in this case, and only after compliance with paragraph 11 of this Order;

c) expert witnesses, or potential expert witnesses, retained by the parties, only after compliance with paragraph 11 of this Order;

d) any person of whom testimony is taken, except that such person may only be shown copies of "CONFIDENTIAL" material during his or her testimony by deposition or at trial, and may not retain "CONFIDENTIAL" material;

e) this Court and employees of this Court to the extent necessary to assist this Court in this case.

6. A party producing confidential information is entitled to have treated as confidential, under the terms and meaning of this Order, information that any party obtains from non-parties that is identical to information designated by the producing party

as confidential, unless this Court finds that the confidentiality of that information has been waived.

7. In the event a party seeks to maintain as confidential deposition testimony or all or portion of a deposition transcript under the standards set forth in this Order, such party shall notify all of the parties during the deposition or no later than thirty (30) days after the receipt of the transcript of the deposition in question. The transcript and all materials included in or attached to the transcript will be treated as confidential until the foregoing time period has expired or any designation of confidentiality is made. Notification of the confidential nature of the testimony given may also be made during the deposition on the record.

8. Any party may object to the designation of materials, testimony or information as "CONFIDENTIAL" and may apply to this Court for an order removing such designation at any time, provided, however, (i) the party making such application shall show good cause for disclosure of such material; and (ii) nothing in this paragraph alters the burden of proof that would apply to a determination of whether the particular claim of confidentiality is justified. The material in question shall be kept confidential pending a final ruling by this Court granting the relief requested. The fact that the material, testimony or information is designated "CONFIDENTIAL," however, shall not delay or otherwise interfere with its discovery.

9. All transcripts, exhibits, interrogatory answers and other documents filed with this Court that have been designated confidential by a party in accordance with this Order, or any pleading or memorandum reproducing, quoting from, paraphrasing or

otherwise substantially revealing the content of such information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed with the caption of this litigation, a statement that the contents are protected from disclosure by a court order, an indication of the nature of the contents, and the words "CONFIDENTIAL, PROTECTED BY COURT ORDER FROM DISCLOSURE."

10. The parties and counsel for each party agree to abide by and be bound by this Order's provision and to use due care to see that its provisions are known and adhered to by those under their supervision or control and have agreed to abide by and be bound by this Order even before it is entered by this Court.

11. Nothing in this Order is intended to restrict the use of material or information designated as "CONFIDENTIAL" at the trial of this matter. The parties shall agree and consult with this Court at a later date to decide upon a reasonable procedure to be followed at trial so that the confidentiality of materials designated as "CONFIDENTIAL" shall be preserved. The parties' counsel agree that they will advise their clients of the confidential nature of materials, testimony and information so designated, and will further explain to their clients that confidential materials, testimony and information are being disclosed only to be used in the prosecution or defense of this case, and for no other purpose whatsoever.

12. Within thirty (30) days of the conclusion of this litigation, including all appeals, each party shall either destroy or return to the party from whom the documents were obtained all documents designated as "CONFIDENTIAL" provided by or obtained from any other party in the litigation, together with all copies. Without a motion by any

party or an Order by this Court, each party shall ensure that this provision is complied with and shall file a certificate with this Court, served on the other side, stating that all documents were returned or destroyed in compliance with this Order.

13. Nothing in this Order shall be construed to entitle any party to obtain any document, thing, or information from another party or third party or to preclude any party from obtaining any document, thing or information from any party or third party.

14. The parties' agreement to this Order does not constitute a waiver of any claim of attorney-client privilege or attorney work-product protection that might exist with respect to those documents produced or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents that may be produced.

15. If any third party subpoenas or seeks to compel production of any confidential documents or information from the party who has received them under the terms of this Protective Order, the party who receives such subpoena or who is sought to be compelled to produce shall immediately give notice to the other parties of this action, and give the other parties an opportunity to intervene in such action to make objections regarding the subpoena or request to compel production. No confidential documents or information can be produced unless and until another court orders production of such confidential documents over any objections from any party in this case, or this Court enters such an Order.

16. By agreeing to this Order, the parties agree to be bound by its terms, and the terms of this Order are binding on the parties to the same extent as if approved by this Court until approved by this Court or this Court orders otherwise.

IT IS SO ORDERED.

                                                               s/ Gary A. Fenner
                                                               Gary A. Fenner, Judge
                                                               United States District Court

DATED: October 7, 2009